IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES SAMUEL JOHNSON, JR.                                          PLAINTIFF

v.                                   Civil No.: 4:18-CV-04113

NURSE KING, *et. al.*                                                DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion to Dismiss for Lack of Prosecution. (ECF No. 25).

### I. BACKGROUND

The undersigned entered an Order granting Defendants' Motion to Compel on November 2, 2018. (ECF No. 23). This Order directed Plaintiff to provide Defendants with a full response to Defendants' Interrogatories and Request for Production, including a signed medical authorization form, by November 16, 2018. Plaintiff was advised that failure to comply with the Order would result in summary dismissal of his case. (*Id*.).

Defendants filed the current Motion to Dismiss on November 20, 2018, stating Plaintiff had not complied with the Order. (ECF No. 25). Plaintiff's last communication with the Court for this case occurred on September 10, 2018. (ECF No. 19).

1

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, I recommend that pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **26th day of November 2018**.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE