IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES SAMUEL JOHNSON, JR.                                              PLAINTIFF

v.                              CASE NO. 4:18-CV-04113

NURSE S. KING, *et al*.                                                  DEFENDANTS

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration.[1] ECF No. 30. The Court finds that no response is necessary and that this matter is ripe for consideration.

In the instant motion, Plaintiff appears to move for reconsideration of this Court's previous order adopting a Report and Recommendation that this matter be dismissed for failure to comply with a court order, failure to follow the Court's local rules, and failure to prosecute the case. ECF No. 29. Plaintiff asserts, in relevant part, that the medical authorization form[2] ("form") the Court ordered him to complete allowed him to decline to sign, that he has abided by the Court's local rules, that he has not failed to prosecute this case, and that he has not received any documents since receiving the order compelling production.

As an initial matter, Plaintiff seeks reconsideration of an order adopting a Report and Recommendation. However, he failed to file timely objections to the Report and Recommendation

---

[1] Although the instant motion was docketed as a motion to reconsider, it is actually titled as a Motion to Appeal Order Adopting Report and Recommendations. Nevertheless, the Court has reviewed the motion and believes that Plaintiff actually moves for reconsideration of the Court's order adopting a Report and Recommendation and dismissing Plaintiff's claims, and does not intend the instant filing to function as a notice of appeal. Accordingly, the Court will consider the motion as one for reconsideration.
[2] The medical authorization form was sent by Defendants to Plaintiff as part of the discovery process.

and does not offer any excuse for that failure in the instant motion. Nevertheless, the Court has reviewed Plaintiff's arguments for reconsideration.

Plaintiff correctly notes that the medical authorization form explicitly states that completion of the form is voluntary and that a person can refuse to sign. However, Plaintiff's claims arise, in part, from injuries he allegedly suffered while held in the Arkansas Department of Correction and Plaintiff seeks, in total, $600,000.00 in compensatory damages. Accordingly, Plaintiff's potential injuries and treatments are relevant and discoverable. *See* Fed. R. Civ. P. 26 ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"). Furthermore, and notwithstanding the language in the medical authorization form, Plaintiff was ordered to provide Defendants with a signed medical authorization form and advised that failure to comply would result in dismissal of his case. *See* ECF No. 23. Plaintiff failed to comply with the order compelling production and, likewise, never filed any challenge or motion seeking reconsideration of the order. Therefore, although Plaintiff is correct that the form indicates he was free to refuse to sign it, the Court informed him that such refusal would result in dismissal of the present action. Plaintiff refused to sign the form and, consequently, his case was dismissed. Thus, Plaintiff's argument on this issue does not warrant reconsideration of the Court's previous order dismissing the case.

Furthermore, by refusing to comply with the Court's order compelling production and by failing to challenge or otherwise seek reconsideration of that order, Plaintiff failed to "prosecute . . . the action diligently" as required by Local Rule 5.5(c)(2), thereby also violating the Court's

local rules. Accordingly, Plaintiff's argument on these issues does not warrant reconsideration of the Court's previous order dismissing the case.

Finally, insofar as Plaintiff argues that he "never received any documents since receiving the order to sign the medical form," the Court finds such argument unconvincing. The docket does not show that any materials sent to Plaintiff were returned as undeliverable. Moreover, in the instant motion, Plaintiff references a Report and Recommendation and order that were issued after the order compelling production, thereby showing that he has received documents. Accordingly, Plaintiff's argument on this issue does not warrant reconsideration of the Court's previous order dismissing the case.

For the foregoing reasons, the Court finds that Plaintiff has failed to demonstrate that a manifest error of law, a manifest error of fact, or newly discovered evidence exists such that it is appropriate for the Court to reconsider its ruling. *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). Therefore, the Court finds that the instant motion (ECF No. 30) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 8th day of January, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge